IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SCRIP,<br>          Plaintiff,<br><br>vs.<br><br>DEBBIE O'DELL SENECA *in her individual capacity as President Judge of the Court of Common Pleas of Washington County*; THOMAS JESS *in his official and individual capacity as both Director of Probation Services and Deputy Court Administrator of the Court of Common Pleas of Washington County*; DANIEL CLEMENTS *in his official and individual capacity as Director of the Washington County Juvenile Probation Office/Chief Probation Officer*; and COUNTY OF WASHINGTON,<br>          Defendants. | Civil Action No. 14-1215<br>Judge Terrence F. McVerry/<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br><br><br>Re: ECF Nos. 5 and 7 |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Plaintiff David Scrip ("Plaintiff") has brought this lawsuit against Defendants Debbie O'Dell Seneca ("O'Dell Seneca"), *in her individual capacity as President Judge of the Court of Common Pleas of Washington County*; Thomas Jess ("Jess"), *in his official and individual capacity as both Director of Probation Services and Deputy Court Administrator of the Court of Common Pleas of Washington County*; Daniel Clements ("Clements"), *in his official and individual capacity as Director of the Washington County Juvenile Probation Office/Chief Probation Officer*; and the County of Washington ("the County") (collectively, "Defendants"), following the termination of his employment as a Juvenile Probation Officer in the Washington County Juvenile Probation Department ("the Department") in February of 2014.

1

Presently before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Jess, Clements and the County, and a Motion to Dismiss the Complaint and to Strike Impertinent and Scandalous Allegations filed on behalf of Defendant O'Dell Seneca. ECF Nos. 5, 7. For the following reasons, it is respectfully recommended that both Motions to Dismiss be granted with respect to Plaintiff's federal law claims and the state law claims that Plaintiff has conceded should be dismissed. It is also recommended that Plaintiff's remaining state law claims, as well as the issue of whether certain portions of Plaintiff's Complaint should be stricken, be remanded to the Court of Common Pleas of Washington County.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Plaintiff began working as a probation officer for the Department in 1988. ECF No. 1-2, ¶ 12. Plaintiff claims that sometime in 2011, his supervisor, Defendant Clements, was having as intimate relationship with Beth Cecchini Stutzman ("Stutzman"), an employee within the Department. Id. at ¶¶ 14-15. Stutzman subsequently began working as a liaison/recruiter for Abraxas, which is a placement facility for juvenile offenders, and began soliciting juvenile probation departments from the surrounding counties to recommend the placement of juvenile offenders into Abraxas. Id. at ¶¶ 16-17. Plaintiff contends that the relationship between Clements and Stutzman not only presented a conflict of interest but that Clements began pressuring probation officers to recommend the placement of juvenile offenders into Abraxas in order to benefit Stutzman and thus Clements' relationship with her. Id. at ¶¶ 19, 21-23. Plaintiff alleges that the probation officers recommended placements into Abraxas, even when it was inappropriate and not in the best interests of the children, out of fear of retaliation by Defendants Clement and Jess. Id. at ¶¶ 24-25.

Troubled by the practice, Plaintiff alleges that he mailed an anonymous letter ("the first Letter") to, *inter alia*, Chief Justice of the Supreme Court Ronald Castille, James Anderson, the Executive Director of the Juvenile Court Judges Commission and Defendant O'Dell Seneca, "revealing and protesting this unethical practice." Id. at ¶ 30. Sometime thereafter, the Administrative Office of Pennsylvania Courts assigned James Rieland to investigate the matter and, on July 30, 2012, Plaintiff sent Mr. Rieland a letter ("the second Letter") providing him with "recent developments" relative to the investigation. Id. at ¶¶ 32-34. Those developments revolved around two recommendations that were made by probation officers on July 27, 2012, regarding the placement of juveniles at Abraxas and the events at a Department staff meeting that was convened the next day to discuss such placements and the probation officers' discretion to choose an appropriate placement facility for juvenile offenders. Id. at pp. 31-32. Plaintiff contends that Mr. Rieland's investigation was nevertheless a sham because it was manipulated by Defendants Jess and O'Dell Seneca. Id. at ¶¶ 34-35. Amongst Plaintiff's complaints is that Mr. Rieland never interviewed Stutzman or asked any of the probation officers whether or not a relationship between Defendant Clements and Stutzman existed and that Rieland never made a finding that the relationship existed. Id. at ¶ 34

Plaintiff claims that thereafter he was disciplined for "pretextual reasons." Specifically, Plaintiff alleges that "disparate treatment was doled out for . . . Plaintiff missing one telephone call while he was serving as an on-call worker," and that he was disciplined on two occasions for allegedly committing perjury during juvenile hearings. Id. at ¶¶ 38-40.[1] Plaintiff also alleges that the Pennsylvania Judicial Conduct Board conducted an investigation into Defendant O'Dell Seneca as a the result of Plaintiff's allegations in the Letters. Id. at ¶ 41. Plaintiff's employment

---

[1] Plaintiff's Complaint contains two paragraphs 38 and 39. The Court's reference to paragraphs 38 and 39 here refers to the second set of paragraphs found at ECF No. 1-2, p. 12.

3

was subsequently terminated on February 18, 2014, for allegedly having violated O'Dell Seneca's directive disseminated at a meeting in August of 2012, that "she would not tolerate any criticism of Director Dan Clements nor anyone undermining his authority." Id. at ¶¶ 36, 39, 42.

Plaintiff filed the instant Complaint in the Court of Common Pleas of Washington County, Pennsylvania, on August 18, 2014, bringing claims against Defendants for violations of the Pennsylvania Whistleblower Law, 43 Pa. C.S.A. § 1421, *et seq.* (Count I); the public policy exception to the Pennsylvania at-will employment doctrine (Count II); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Count III); Section 955(d) of the Pennsylvania Human Relations Act ("the PHRA"), 43 Pa. C.S.A. § 951, *et seq.* (Count IV); Section 955(e) of the PHRA (Count V); and the First Amendment to the United States Constitution (Count VI). Defendant O'Dell Seneca removed the case to this Court on September 18, 2014, and Defendants filed their respective Motions to Dismiss on October 10, 2014. ECF Nos. 5, 7. Plaintiff did not amend the Complaint but filed a Brief in Opposition to Defendants' Rule 12 Motions on February 4, 2015, in which he responded to both the Motion to Dismiss filed by Defendants Jess, Clements and the County and the Motion to Dismiss filed by Defendant O'Dell Seneca. ECF No. 16. Defendants Jess, Clements and the County filed a Reply to Plaintiff's Brief in Opposition on February 16, 2015, and Defendant O'Dell Seneca filed a Reply Brief in Support of Motion to Dismiss the Complaint on February 18, 2015. ECF Nos. 19, 20. On April 20, 2015, having requested and been granted leave of Court, Plaintiff filed a Supplemental Brief in Opposition to the Defendants' Rule 12 Motions. ECF No. 23. Defendants Jess, Clements and the County subsequently sought and were granted leave to file a Reply Brief to Plaintiff's Supplemental Brief in Opposition to Defendants' Rule 12 Motions which was filed on April 28, 2015. ECF No. 26. As such, both Motions are ripe for review.

### B. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### C. DISCUSSION

As previously discussed, all four Defendants have been named in all six Counts of the Complaint. In their respective Motions to Dismiss, Defendants have asked that all six Counts be

dismissed. In response, Plaintiff concedes that his claims brought pursuant to Title VII and the PHRA at Counts III, IV and V of the Complaint are properly dismissed as to all Defendants. Accordingly, Defendants' Motions will be granted as to those claims. Thus, only Plaintiff's claims for violations of the Pennsylvania Whistleblower Law, the public policy exception to the Pennsylvania at-will employment doctrine and his rights provided by the First Amendment brought at Counts I, II and VI of the Complaint remain for review.

### 1. First Amendment Retaliation Claim

With respect to his First Amendment retaliation claim brought at Count VI, which is the only federal claim remaining, Plaintiff alleges that Defendants terminated his employment in retaliation for his having sent the Letters reporting the alleged improper placement of juvenile offenders into Abraxas.

> A public employee has a constitutional right to speak on matters of public concern without fear of retaliation." *Baldassare v. State of N.J.*, 250 F.3d 188, 194 (3d Cir. 2001). However, this right is not absolute when faced with the government's interest in exercising some control over the public workforce. *Brennan v. Norton*, 350 F.3d 399, 412 (3d Cir. 2003). When an employee claims unconstitutional retaliation, courts employ a two-step analysis that balances the First Amendment rights of the public employee against the government's interests as an employer. *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006). First, the plaintiff must demonstrate that the activity in question is protected under the First Amendment. *Id.* A public employee's actions are protected under the First Amendment when they satisfy a threepart test: 1) the employee must have been acting as a citizen, 2) the action must involve a matter of public concern, and 3) the action is protected if the employer did not have "an adequate justification for treating the employee differently from any other member of the general public as a result of the statement he made." *Hill*, 455 F.3d at 241–42. Once this threshold is met, the plaintiff is required to demonstrate that the protected activity "was a substantial or motivating factor in the alleged retaliatory action." *Id.*

Goldberg v. Egg Harbor Twp. Sch. Dist., 2013 WL 1314425, at *3 (D.N.J. Mar. 28, 2013). See Garcetti v. Ceballos, 547 U.S. 410, 418-421 (2006); Gorum v. Sessoms, 561 F.3d 179, 184-85

(3d. Cir. 2009); Volek v. Redevelopment Auth. of Cnty. of Fayette, 2014 WL 2504584, at *9 (W.D. Pa. June 3, 2014).

Defendants argue that Plaintiff's First Amendment retaliation claims should be dismissed because he has failed to plead sufficient facts to satisfy the first two factors required to show that Plaintiff engaged in protected speech in the first instance. Specifically, Defendants argue that Plaintiff has failed to plead facts suggesting that he was speaking as a private citizen when he wrote the Letters and because he was not speaking on a matter of public concern.

A public employee does not speak "as a citizen" when he makes a statement "pursuant to [his] official duties." Garcetti v. Ceballos, 547 U.S. at 1960. "[T]he question of whether a particular incident of speech is made within a particular plaintiff's job duties is a mixed question of fact and law." Brown v. Tucci, 960 F. Supp. 2d 544, 576 (W.D. Pa. 2013), *quoting* Foraker v. Chaffinch, 501 F.3d 231, 240 (3d Cir. 2007), *abrogated on other grounds by* Borough of Duryea Pa. v. Guarnieri, ___ U.S. ___, 131 S. Ct. 2488 (2011). "[W]hile it is the function of the jury to determine the presence or absence of factual circumstances surrounding the speech at issue, it is the role of the Court to determine whether, given the presence or absence of such factual circumstances, the speech enjoys constitutional protection from employer discipline." Id., *quoting* Baranowski v. Waters, 2008 WL 4000406, at *19 (W.D. Pa. Aug. 25, 2008) (emphasis deleted), *aff'd*, 370 F. App'x 318 (3d Cir. 2010).

Further, the United States Supreme Court has determined that the question of whether speech was made pursuant to a plaintiff's job responsibilities or as a private citizen is a "practical one" that does not turn on a given employee's formal job description," finding that "[f]ormal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither

7

necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes." Garcetti v. Ceballos, 547 U.S. at 424–425. See Reilly v. City of Atl. City, 532 F.3d 216, 227 (3d Cir. 2008). Rather, the factors that have been found relevant to the inquiry "include the employee's duties, the impetus for his or her speech, the setting and subject matter of that speech, and the identities of the individuals to whom that speech is addressed," as well as "whether the speech was made inside or outside of the workplace and whether it concerned the subject matter of the speaker's employment." Brown v. Tucci, 960 F. Supp. 2d at 576, *quoting* Handy–Clay v. City of Memphis, 695 F.3d 531, 540–541 (6th Cir. 2012) (hyphen omitted).

Here, the Court notes at the outset that Plaintiff has not alleged in the Complaint that he was speaking as a private citizen when he authored the Letters. Nor do the allegations that he has set forth in the Complaint or, more importantly, the Letters themselves, permit such an inference to be made. To the contrary, the allegations set forth in the Complaint largely revolve around the alleged affair between Defendant Clements and Stutzman insofar as it presented a conflict of interest for the Department and affected the manner in which Plaintiff and the other juvenile probation officers were expected to perform their duties. Specifically, Plaintiff alleges that, as a result of Clements' alleged relationship with Stutzman, the juvenile probation officers were pressured into making placement recommendations -- a job responsibility -- that their experience as probation officers told them were inappropriate. ECF No. 1-2, ¶¶ 15, 18-25. See Dougherty v. Sch. Dist. of Phila., 772 F.3d 979, 988 (3d Cir. 2014), *quoting* Gorum v. Sessoms, 561 F.3d at 185-86 (noting that the United States Court of Appeals for the Third Circuit has declined to extend First Amendment protection to speech "where an employee's technically-off-duty speech related to 'special knowledge' or 'experience' acquired through his de facto job

8

duties"). See Williams v. Dallas Independent Sch. Dist., 480 F.3d 689, 694 (5th Cir. 2007) (finding that the plaintiff's speech was made pursuant to his official duties based, in part, on the fact that the information conveyed was within his special knowledge and experience acquired on the job and necessary to the execution of their job responsibilities). Plaintiff's other allegations in the Complaint revolve around the inadequacy of the investigation that was subsequently undertaken by Mr. Rieland as a result of the assertions made by Plaintiff in the first Letter. Id. at ¶¶ 32-35.

As for the Letters themselves, Plaintiff indicates in the first Letter that he was not just speaking for himself but on behalf of all of juvenile probation officers; that the first Letter was sent anonymously because the juvenile probation "staff" feared reprisal; and that when they sent the first Letter they were acting pursuant to the Code of Conduct for Employees of the Unified Judicial System which governed their employment as probation officers. Id. at pp. 23-29.[2] Moreover, in the second Letter, Plaintiff merely updated Mr. Rieland on "recent developments" relevant to the investigation which revolved around two recommendations that were made on July 26, 2012, by probation officers regarding the placement of juveniles at Abraxas. Id. at pp. 31-32. Plaintiff also relayed the events at a staff meeting that was convened the next day for the Department to discuss such placements and the probation officers' discretion to choose an appropriate placement facility for juvenile offenders. Id. In addition, Plaintiff signed the Letter as a "Probation Officer II." Id. at p. 32.

Although Plaintiff makes much of the fact that he did not send the Letters through the chain of command, which would seemingly counsel against finding that Plaintiff was speaking in

---

[2] Because Plaintiff has attached copies of the Letters to his Complaint and it is clear that his claims are based on the Letters, they may be considered by the Court in deciding a Rule 12(b)(6) motion without converting the motion to one for summary judgment. Ickes v. Flanagan, 2008 WL 859183, at *1 (W.D. Pa. Mar. 31, 2008).

9

his capacity as a probation officer, to whom the speech is addressed is merely one factor to be considered and is not dispositive of the issue. Moreover, not only did Plaintiff himself explain that the first Letter was not sent to his immediate supervisors because those were the very persons around whom his complaints revolved, but the first Letter was nevertheless sent to Defendant O'Dell Seneca, who Plaintiff categorizes as his "boss," and other persons working within the judicial system who oversee the Department. ECF No. 1-2, ¶¶ 2, 30; ECF No. 1-2, p. 24. See Dougherty v. Sch. Dist. of Phila., 772 F.3d at 988, *quoting* Foraker v. Chaffinch, 501 F.3d at 241-43 (noting that the Court of Appeals for the Third Circuit has declined to extend First Amendment protection to speech where public employees were required to take the speech "up the chain of command"). Notably, the Letter was not sent to the media or any other outside entity.

In addition, the fact that it was not within Plaintiff's ordinary job duties to "anonymously author paperwork," does not negate the fact that ensuring proper placement of juvenile offenders in probationary facilities is within the scope of Plaintiff's job responsibilities. Under these circumstances, the Court finds little difficulty concluding that Plaintiff was not speaking as a private citizen when he wrote the Letters but rather as a probation officer concerned with the management and the alleged unethical behavior within the Department which Plaintiff perceived as affecting his job responsibilities and that of the other probation officers. See Gorum v. Sessoms, 561 F.3d at 185-86; Foraker v. Chaffinch, 501 F.3d at 241-43. See also Williams v. Dallas Independent Sch. Dist., 480 F.3d at 694. Plaintiff therefore has failed to plead facts which would plausibly demonstrate that he was speaking as a private citizen when he wrote and sent the Letters and thus has failed to show his speech is protected by the First Amendment.[3]

---

[3] Although, citing to Flora v. Cnty. of Luzerne, 776 F.3d 169, 175-76 (3d Cir. 2015), Plaintiff argues that a district court may not make findings relative to the scope of a public employee's job duties at the motion to dismiss stage of

10

Furthermore, even if Plaintiff had alleged sufficient facts to establish that he was speaking as a private citizen and that his speech is otherwise entitled to First Amendment protection, he has nevertheless failed to plead sufficient facts to permit the inference that there was a causal connection between his having written the Letters and the termination of his employment.[4]

To establish the requisite causal connection, a plaintiff must prove either: (1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). While there is no bright line test to prove "unusually suggestive" temporal proximity, the United States Court of Appeals for the Third Circuit has suggested that the lapse between the protected activity and the alleged retaliatory act must be measured in days, not weeks or months. Kier v. F. Lackland & Sons, LLC, ___ F. Supp. 3d ___, ___, 2014 WL 7192403, at *16 (E.D. Pa. Dec. 17, 2014), *citing* Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000), and Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 189 (3d Cir. 2003). See Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003); Diede v. City of McKeesport, 654 F. Supp. 2d 363, 377 (W.D. Pa. 2009).

---

the proceedings, it is evident from the allegations in the Complaint that Plaintiff's job responsibilities include making placement recommendations that are in the best interest of the juvenile offenders which was precisely the subject of his speech. See ECF No. 1-2, ¶¶ 13, 21-22, 24-25; ECF No. 1-2, p. 3.

[4] Although Defendants do not specifically argue that Plaintiff's First Amendment retaliation claims should be dismissed because he has failed to plead facts suggestive of a causal connection, Defendants have advanced the argument with respect to Plaintiff's claims brought under the Pennsylvania Whistleblower Law, which also requires a plaintiff to "'show by concrete facts or surrounding circumstances that the report [of wrongdoing or waste] led to [the plaintiff's] dismissal . . . ." Vance v. VisionQuest Nat., Ltd., 2013 WL 3967945, at *21 (W.D. Pa. Aug. 1, 2013), *quoting* Golaschevsky v. Com. Dep't of Env't Prot., 720 A.2d 757, 759 (Pa. 1998), and Gray v. Hafer, 651 A.2d 221, 225 (Pa. Commw. 1994), *aff'd*, 669 A.2d 325 (Pa. 1995).

Review of the Complaint in this case shows that Plaintiff sent the second Letter to James Rieland on July 30, 2012, at some point after Mr. Rieland was assigned to investigate Plaintiff's allegations. Although the first Letter is undated, it necessarily was sent before the second Letter or prior to July 30, 2012. ECF No. 1-2, pp. 23-32. Plaintiff's employment, however, was not terminated until February 18, 2014 -- over nineteen months later. This considerable amount of time, without more, simply does not permit the inference that Plaintiff was terminated from employment because he wrote the Letters. See Carroll v. Clifford Twp., 2012 WL 3288084, at *5 (M.D. Pa. Aug. 10, 2012) (finding that the plaintiff had failed to allege causation based on temporal proximity where the difference in time between Plaintiff's protected activity and the corresponding retaliatory action was over eighteen months). See DeFranco v. Wolfe, 387 F. App'x 147, 155 (3d Cir. 2010) (finding two months insufficient); Bailey v. Commerce Nat'l Ins. Services, Inc., 267 F. App'x 167, 170 (3d Cir. 2008) (finding four months insufficient).

Plaintiff nevertheless argues that, because he has alleged in the Complaint that there was an intervening pattern of antagonism directed at him, he has sufficiently set forth a causal connection between the Letters and his discharge from employment. Specifically, Plaintiff points to his assertions in the Complaint, that he was disparately disciplined for missing one telephone call while he was serving as an on-call worker, and that he was disciplined on two occasions for allegedly committing perjury at two juvenile hearings. ECF No. 1-2, ¶¶ 39, 40. Plaintiff's allegations, however, fail to satisfy his burden in this regard.

First, it is not at all clear to the Court that being disciplined three times over the span of nineteen months constitutes a "pattern of antagonism," particularly as Plaintiff does not dispute that he, in fact, missed a telephone call while he was serving as an on-call worker. Nor has Plaintiff suggested how any discipline that may have been imposed was "disparate." Moreover,

Plaintiff has not alleged who disciplined him, what the nature of the discipline was, or when the alleged disciplined was imposed relative to his sending the Letters and the termination of his employment. Indeed, Plaintiff has not specifically alleged in the Complaint that any of the Defendants were aware that he was responsible for the first Letter, which was sent anonymously, or that he sent the second Letter to Mr. Rieland. Under these circumstances, Plaintiff has failed to allege facts from which it could be inferred that these Defendants engaged in a pattern of antagonism directed toward Plaintiff because of the Letters so as to bridge the nineteen month gap that occurred before he was discharged from employment. As such, Plaintiff has failed to raise his right to relief under the First Amendment above the speculative level and his retaliation claims brought at Count VI of the Complaint are properly dismissed as to all Defendants.[5]

### 2. State Law Claims

Having found that Plaintiff is unable to sustain a First Amendment retaliation claim against any of the Defendants and because Plaintiff has conceded that his claims brought pursuant to Title VII, as well as the PHRA, are properly dismissed, only Plaintiff's state law claims brought under the Pennsylvania Whistleblower Law and the exception to the Pennsylvania at-will employment doctrine brought at Counts I and II remain. Where all claims over which the Court has original jurisdiction have been dismissed, however, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary

---

[5] It should also be noted here that, to the extent that Defendants Jess and Clements have been sued in their official capacities, they are not considered "persons" for purposes of claims brought pursuant to Section 1983 and would otherwise be entitled to Eleventh Amendment immunity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989). Furthermore, contrary to Plaintiff's assertion, his failure to identify a municipal custom or policy pursuant to which Defendants Jess and Clements were acting is fatal to Plaintiff's First Amendment claim brought against the County. Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583–84 (3d Cir. 2003).

13

circumstances, "pendent jurisdiction should be declined where the federal claims are no longer viable." Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted). See Noble v. Gaston, 2009 WL 198252, at *5 (W.D. Pa. Jan. 27, 2009).

Here, there do not appear to be any extraordinary circumstances surrounding this case which would warrant the exercise of supplemental jurisdiction over Plaintiff's two state law claims. Accordingly, thus the Court should decline to exercise jurisdiction over these state law claims brought at Counts I and II..

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 5, filed by Defendants Jess, Clements and the County, and the Motion to Dismiss the Complaint and to Strike Impertinent and Scandalous Allegations filed on behalf of Defendant O'Dell Seneca, ECF No. 7, be granted with respect to Plaintiff's federal law claims for violations of Title VII and the First Amendment brought at Counts III and VI of the Complaint. The Motions should also be granted with respect to Plaintiff's state law claims brought under the PHRA at Counts IV and V, as Plaintiff has conceded those claims. It is further recommended that Plaintiff's remaining state law claims for violations of the Pennsylvania Whistleblower Law and the exception to Pennsylvania's at-will employment doctrine brought at Counts I and II of the Complaint, as well as the issue of whether certain portions of Plaintiff's Complaint should be stricken, be remanded to the Pennsylvania Court of Common Pleas of Washington County.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                       Respectfully submitted,

                                       /s/ Maureen P. Kelly
                                       MAUREEN P. KELLY
                                       CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 6, 2015

cc:      The Honorable Terrence F. McVerry
         United States District Judge

         All counsel of record by Notice of Electronic Filing